[44 NYS3d 193]

In the Matter of JOSEPH G. SCHEIDELER, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, December 28, 2016

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Sasha N. Holguin* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

By order entered March 3, 2016, the Supreme Court of Colorado suspended the respondent from the practice of law for one year and one day, effective April 7, 2016, for violating Colorado Rules of Professional Conduct (hereinafter Colo. RPC) rules 1.4 (a) (3) (a lawyer shall keep his or her client reasonably informed about the status of the client's matter); 3.3 (a) (1) (a lawyer is prohibited from knowingly making a false statement of fact or law to a tribunal or failing to correct a false statement of material fact or law previously made to the tribunal by the lawyer); 5.5 (b) (2) (a lawyer is prohibited from allowing a disbarred attorney to appear on behalf of a client in any hearing or proceeding); 5.5 (b) (4) (a lawyer is prohibited from allowing a person the lawyer knows or reasonably should know is disbarred to negotiate or transact any matter for or on behalf of the client with third parties); 5.5 (b) (5) (a lawyer is prohibited from allowing a person the lawyer knows or reasonably should know is disbarred to engage in activities that constitute the practice of law); 5.5 (d) (a lawyer is prohibited from allowing a person the lawyer knows or reasonably should know is disbarred or suspended to have any professional contact with clients of the lawyer or the lawyer's firm, unless the lawyer, prior to the commencement of the work, gives written notice to the client for whom the work will be performed that the disbarred or suspended lawyer may not practice law); and 8.4 (c) (a lawyer is prohibited from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

The order approved a "Stipulation, Agreement, and Affidavit Containing Respondent's Conditional Admission of Misconduct" (hereinafter stipulation), sworn to by the respondent on February 24, 2016.

The respondent was admitted to the Colorado bar on August 4, 1992.

The underlying misconduct, as set forth in the stipulation, involved the following three matters:

Herrara Matter

Robert C. Cain was suspended from the practice of law for two years in 2010. While he was suspended, Cain worked for the respondent as a paralegal at Scheideler & Associates. Effective September 6, 2012, Cain was disbarred by the Colorado Supreme Court. He continued working for the respondent. The respondent was aware of Cain's suspension and disbarment.

On April 13, 2012, Jeremy Herrera and his girlfriend, Tonya Bustillos, retained Scheideler & Associates on a negligence claim against Motel 6. The respondent did not provide Herrera and Bustillos with written notice of Cain's suspension, nor written notice of his subsequent disbarment. On February 14, 2013, Cain sent a letter on Scheideler & Associates letterhead to Claudette Bryant at Motel 6 demanding a settlement. The letter contained Cain's signature, without any indication of his position with the firm, and requested that Bryant contact Cain to "discuss the possibility of an amicable resolution." The issuance of settlement letters constitutes the practice of law. The aforementioned conduct violated Colo. RPC rule 5.5 (b) (4) and (b) (5) and (d), and constitutes grounds for the imposition of discipline.

Weitzel Matter

In 2014, June Keller hired Scheideler & Associates to represent her against Dawn Spiegelhalter regarding a personal injury matter. On April 1, 2014, Cain sent a letter to Farmers Insurance Company formally demanding $210,000 on behalf of Keller. The letter was on Scheideler & Associates letterhead, and signed by Cain. He did not include his title with his signature.

On December 10, 2014, the respondent filed a motion for the entry of a default judgment pursuant to Colorado Rules of Civil Procedure rule 55 (a) against Dawn Spiegelhalter. In his motion, the respondent wrote, "Defendant Dawn Spiegelhalter has failed to Answer or otherwise respond." Prior to filing the motion, the respondent conversed with Spiegelhalter's attorney, Harry M. Bleeker, about Bleeker's assertion that service of the complaint was not properly effected. On December 11, 2014, the court granted the motion for entry of default without allowing Spiegelhalter the opportunity to respond. On December 15, 2014, Bleeker filed a motion to set aside the default, for the imposition of sanctions, and for a hearing. The court granted the motion to set aside the default. A sanctions hearing was held on January 22, 2015, at which time the court imposed sanctions against Keller and the respondent, jointly and severally, for $600. The respondent failed to inform Keller of the court's ruling. The aforementioned conduct violated Colo. RPC rules 1.4 (a) (3) and 5.5 (b) (4) and (b) (5), and constitutes grounds for the imposition of discipline.

ARC Matter

The respondent and his law firm, Scheideler & Associates, represented Adrianna Chevarria. Chevarria was a creditor of

her former employer, 7 CS Corp. On February 5, 2015, 7 CS Corp. filed for bankruptcy and filed various applications. The respondent filed objections on Chevarria's behalf. On April 15, 2015, the bankruptcy court conducted a telephonic hearing on the objections. The respondent and Cain were present for the hearing. While on hold waiting for the case to be called, the respondent left the room. During his absence, the case was called, and Cain argued Chevarria's objections on the record before the bankruptcy court. The respondent returned to the office just as Cain finished speaking. Counsel for 7 CS Corp. asked who had been speaking. The respondent stated, "I'm speaking. Joe Scheideler." This statement was a misrepresentation.

On May 8, 2015, counsel for 7 CS Corp. filed a motion to disqualify the respondent from representing Chevarria, in response to which the respondent filed opposition papers. The court granted the motion, found that the respondent "abused the judicial process," held the respondent in contempt, and sanctioned the respondent and his firm $2,500. On June 5, 2015, the court awarded 7 CS Corp. $11,556.50 for reasonable attorneys' fees and costs incurred in prosecuting the motion to disqualify. As of September 10, 2015, the respondent had paid only $395 toward the attorneys' fees and costs award. The aforementioned conduct violated Colo. RPC rules 3.3 (a) (1) and 5.5 (b) (2) and 8.4 (c), and constitutes grounds for the imposition of discipline.

In the disciplinary proceeding commenced in the Supreme Court of Colorado, the parties recommended the imposition of a one-year-and-one-day suspension, the respondent consented to the same, and the court approved the stipulation.

In reaching this result, the parties to the stipulation and the Supreme Court of Colorado considered the following factors: the respondent violated several duties (duty of candor to a client, duty of candor to the court, and duty to directly supervise Cain's work); the respondent's conduct was either made recklessly or knowingly; Keller was harmed inasmuch as she was required to pay $600 sanctions; Chevarria was harmed because the respondent was disqualified; and the profession was injured by the respondent's failure to adequately supervise Cain. The following aggravating factors were specifically noted: dishonest or selfish motive, a pattern of misconduct, multiplicity of offenses, and experienced practitioner. The following mitigating factors were noted: absence of prior disciplinary record,

personal problems, full and free disclosure to the disciplinary board, imposition of other penalties or sanctions, and remorse.

On July 29, 2016, the Grievance Committee served the respondent by regular mail, on consent by letter agreement, with the instant notice pursuant to former 22 NYCRR 691.3. More than 20 days have elapsed since service of the notice, and the respondent has neither served a response nor requested additional time in which to do so. Accordingly, there is no impediment to the imposition of reciprocal discipline.

Based on the findings of the Supreme Court of Colorado, we conclude that reciprocal discipline is warranted and the respondent is suspended from the practice of law for one year.

ENG, P.J., RIVERA, DILLON, BALKIN and DICKERSON, JJ., concur.

Ordered that the petitioner's application to impose reciprocal discipline is granted; and it is further,

Ordered that pursuant to 22 NYCRR 1240.13 (c), the respondent, Joseph G. Scheideler, is suspended from the practice of law for a period of one year, commencing January 30, 2017, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than July 31, 2017. In such application (see 22 NYCRR 691.11, 1240.16), the respondent shall furnish satisfactory proof that during the said period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred and suspended attorneys (22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11, and (4) otherwise properly conducted himself; and it is further,

Ordered that the respondent, Joseph G. Scheideler, shall promptly comply with this Court's rules governing the conduct of disbarred and suspended attorneys (see 22 NYCRR 1240.15); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of the Court, the respondent, Joseph G. Scheideler, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in rela-

tion thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Joseph G. Scheideler, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15 (f).